IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-00966-EWN-MEH

ALBER ENGINEERING, INC.,

    Plaintiff,

vs.

ST. PAUL FIRE AND MARINE INSURANCE COMPANY,

    Defendant.

_____

**ORDER ON DEFENDANTS'
MOTION TO COMPEL PRODUCTION OF DOCUMENTS**
_____

Defendant has filed a Motion to Compel Production of Documents (Docket #9) ("Motion to Compel"). The matter is briefed, and oral argument would not materially assist the Court in adjudicating it. For the reasons stated below, the Court **grants** the Motion to Compel in part and **denies** it in part.

**I.   Facts**

Travelers Indemnity Company (Travelers), as subrogee to Mesa Pavilions Associates, sued the Plaintiff in state court in Arizona. Plaintiff claims that Travelers is an entity affiliated with Defendant. Plaintiff claims that the Arizona suit was dismissed favorably to Plaintiff, and as part of the dismissal, Defendant agreed to pay Plaintiff's attorney's fees and costs in defending the Arizona action, less a deductible. Plaintiff now claims that Defendant has breached its obligations from the settlement agreement, although Defendant claims that the present lawsuit, in part, contains allegations by Plaintiff that Defendant failed, in bad faith, to defend Plaintiff in the Arizona action. Ultimately, the divergent allegations of the parties are not critical to the Court's consideration of the present

issue.

Defendant moves to compel production of documents identified by Plaintiff in its Rule 26(a)(1) disclosures. Plaintiff objects on the basis of attorney-client and work product privileges.

## II. Discussion

Defendant contends, and Plaintiff does not dispute, that Plaintiff has not produced a privilege log. Defendant also contends, and Plaintiff does not dispute, that Plaintiff intends to use some of the withheld documents in prosecuting this case. In order to provide the information that both the parties, and this Court, should have in effectively resolving whatever document dispute the parties are having, the Motion to Compel is **granted** in the following respects:

   A.  On or before August 31, 2006, Plaintiff shall make available to Defendant for inspection and copying all documents, *to which Plaintiff makes no claim of privilege*, encompassed within "Plaintiff's Disclosures Pursuant to Fed. R. Civ. P. 26(a)(1)," which was signed on July 10, 2006;

   B.  As to the subset of documents Plaintiff disclosed under Rule 26(a)(1) but for which a privilege is being asserted, Plaintiff shall produce to Defendant a privilege log on or before August 31, 2006, describing the date of the document, its nature (*e.g.*, memorandum, correspondence, e-mail, notes, etc.), who initiated the document, to whom it was sent, the subject matter of the document, and the privilege claimed;

   C.  As to each document in Paragraph (B) above, Plaintiff shall also include its good faith representation, based on all the information it possesses, as to whether Plaintiff *may* use such document in this case, or whether Plaintiff *will not* use such document in this case. Plaintiff will be under a continuing obligation in this lawsuit to update such representation as to each document if and when Plaintiff's intent changes.

In all other respects, Defendant's Motion to Compel is **denied** without prejudice to raising this issue again after Defendant has had the opportunity to review Plaintiff's privilege log.

## III. Conclusion

Accordingly, for the reasons stated above, it is hereby **ORDERED** that the Defendant's

Motion to Compel [Filed July 21, 2006; Docket #9] is **granted in part** and **denied in part** as directed herein. All requests for attorney's fees are denied.

Dated at Denver, Colorado, this 21st day of August, 2006.

BY THE COURT:

s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge